UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON


CIVIL ACTION NO. 08-90-GWU


EVELYN ENGLAND,                                                    PLAINTIFF,


VS.                          **MEMORANDUM OPINION**


MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT.


**INTRODUCTION**

Evelyn England brought this action to obtain judicial review of an unfavorable

administrative decision on her application for Supplemental Security Income.  The

case is before the court on cross-motions for summary judgment.

**APPLICABLE LAW**

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial

review of Social Security disability benefit cases:

1.    Is the claimant currently engaged in substantial gainful activity?
      If yes, the claimant is not disabled.  If no, proceed to Step 2.
      See 20 C.F.R. 404.1520(b), 416.920(b).

2.    Does the claimant have any medically determinable physical
      or mental impairment(s)?  If yes, proceed to Step 3.  If no, the
      claimant is not disabled.  See 20 C.F.R. 404.1508, 416.908.

3.    Does the claimant have any severe impairment(s)--i.e., any
      impairment(s) significantly limiting the claimant's physical or
      mental ability to do basic work activities?  If yes, proceed to
      Step 4.  If no, the claimant is not disabled.  See 20 C.F.R.
      404.1520(c), 404.1521, 416.920(c), 461.921.

1

08-90  Evelyn England

4.      Can the claimant's severe impairment(s) be expected to result
        in death or last for a continuous period of at least 12 months?
        If yes, proceed to Step 5.  If no, the claimant is not disabled.
        <u>See</u> 20 C.F.R. 404.920(d), 416.920(d).

5.      Does the claimant have any impairment or combination of
        impairments meeting or equaling in severity an impairment
        listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of
        Impairments)?  If yes, the claimant is disabled.  If no, proceed
        to Step 6.   <u>See</u> 20 C.F.R. 404.1520(d), 404.1526(a),
        416.920(d), 416.926(a).

6.      Can the claimant, despite his impairment(s), considering his
        residual functional capacity and the physical and mental
        demands of the work he has done in the past, still perform this
        kind of past relevant work?  If yes, the claimant was not
        disabled.  If no, proceed to Step 7.  <u>See</u> 20 C.F.R.
        404.1520(e), 416.920(e).

7.      Can the claimant, despite his impairment(s), considering his
        residual functional capacity, age, education, and past work
        experience, do other work--i.e., any other substantial gainful
        activity which exists in the national economy?  If yes, the
        claimant is not disabled.   <u>See</u> 20 C.F.R. 404.1505(a),
        404.1520(f)(1), 416.905(a), 416.920(f)(1).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent

to the judicial review of administrative agency action apply.  Review of the

Commissioner's decision is limited in scope to determining whether the findings of

fact made are supported by substantial evidence.  <u>Jones v. Secretary of Health and

Human Services</u>, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial

evidence" is "such evidence as a reasonable mind shall accept as adequate to

2

08-90  Evelyn England

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations.

08-90  Evelyn England

Id.  Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  Id. at 1053.

4

08-90  Evelyn England

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . .

5

08-90  Evelyn England

manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

**DISCUSSION**

The Administrative Law Judge (ALJ) concluded that England, a 39-year-old former biscuit maker with a "limited" education, suffered from impairments related to asthma/mild chronic obstructive pulmonary disease, hypertension, hyperlipidemia, osteoarthritis, and obesity.  (Tr. 13, 16).  While the plaintiff was found to be unable to return to her past relevant work, the ALJ determined that she retained the residual functional capacity to perform a restricted range of light level work.  (Tr. 16, 18).  Since the available work was found to constitute a significant

6

number of jobs in the national economy, the claimant could not be considered totally disabled.  (Tr. 19).  The ALJ based this decision, in part, upon the testimony of a vocational expert.  (Id.).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert William Ellis included an exertional limitation to light level work restricted from a full range by such non-exertional limitations as (1) an inability to sit for more than four hours in an eight-hour day, stand for more than two hours in an eight-hour day or walk for more than two hours in an eight-hour day; (2) an inability to ever squat, crouch or crawl; (3) an inability to more than occasionally bend or reach above shoulder level; (4) a need to avoid exposure to hazardous heights, dust, fumes, smoke, heat or cold; (5) an inability to drive; and (6) a limitation to jobs requiring only simple, one-two step instructions with no reading required.  (Tr. 342).  In response, the witness identified a significant number of jobs which could still be performed.  (Id.).  The ALJ then added a sit/stand option in 45-minute intervals.  (Tr. 343).  Ellis reported that the previously cited jobs could still be done.  (Id.).  The ALJ then changed the exertional level of the question to sedentary level work with all other factors the same.  (Id.).  The witness again identified a significant number of jobs.  (Id.).  Therefore, assuming that the vocational factors considered by Ellis fairly depicted

7

the plaintiff's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

England was found capable of performing a restricted range of sedentary level work in an administrative decision which became final on May 11, 2004.  (Tr. 31-38).  Principles of <u>res judicata</u> require that the administration be bound by this decision unless a change of circumstances is proved upon a subsequent application.  <u>Drummond v. Commissioner of Social Security</u>, 126 F.3d 837, 842 (6th Cir. 1997).  Acquiescence Ruling 98-4(6) instructs that the agency "must adopt [the residual functional capacity finding] from a final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding . . . ."  In the present action, the ALJ found that a departure from the prior ALJ's residual functional capacity assessment was warranted.  (Tr. 16).

With regard to the framing of the physical factors of the hypothetical question, the undersigned finds no reversible error.  No treating or examining source of record identified more severe physical limitations than those found by the ALJ including the staff at Appalachian Regional Healthcare (Tr. 130-171, 198-212, 253-321) and the staff at the Mountain Comprehensive Health Corporation (Tr. 174-197).  Dr. Timothy Gregg, a non-examining medical reviewer, indicated that the plaintiff could perform a restricted range of light level work.  (Tr. 213-222).  The

8

08-90  Evelyn England

ALJ's findings were essentially consistent with this opinion, with the exception that the doctor thought that she should never climb ladders, ropes or scaffolds.  (Tr. 215).  The court notes that this factor was included in the residual functional capacity finding made in May, 2004 by the previous ALJ.  (Tr. 37).  That ALJ reported presenting this factor to a vocational expert who identified a significant number of jobs.  (Tr. 36).  Included among these jobs was the position of sedentary assembler (Id.) also cited by the current vocational expert (Tr. 343).  Thus, any error in omitting this factor would appear harmless.  The claimant has also not raised the omission of this limitation as an issue.  Finally, the court notes that Dr. James Ross restricted England to a limited range of sedentary level work.  (Tr. 242-250).  This opinion would be offset by that of Dr. Gregg and the limitations would still be consistent with the 2004 findings.  Therefore, the claimant has failed to demonstrate that her condition had deteriorated or even that the ALJ's finding that medical improvement occurred was in error.

The court also finds no reversible error in regard to the ALJ's treatment of the evidence relating to England's mental condition.  The mental restrictions presented by the ALJ were consistent with those found by the prior ALJ.  (Tr. 37).  Psychologist Larry Freudenberger, a non-examining medical reviewer, did identify arguably more severe mental limitations than found by the ALJ.  (Tr. 223-224).  However, Freudenberger opined that there was no "new and material" evidence presented since the prior ALJ's denial decision.  (Tr. 225).  Thus, the record would

9

08-90  Evelyn England

not be sufficient to support more severe mental limitations than previously found. Furthermore, the plaintiff has not argued that the omission of these mental limitations was erroneous.

England argues that the she should have been found disabled based on her testimony that she was forced to lie down for substantial periods of time during the day along with her concentration and memory problems.  Pain complaints are to be evaluated under the standards announced in <u>Duncan v. Secretary of Health and Human Services</u>, 801 F.2d 847, 853 (6th Cir. 1986): there must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from the condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

In the present action, England was found to be suffering from a potentially painful condition.  However, even if she could be found to have satisfied the first prong of the so-called <u>Duncan</u> test, the claimant does not meet either of the alternative second prongs.  The plaintiff cites no evidence in support of her alleged restrictions.  The record reveals that pulmonary function testing revealed only very mild chronic obstructive pulmonary disease.  (Tr. 172-173).  Chest x-rays revealed no active disease.  (Tr. 156).  An x-ray of the lumbosacral spine revealed bilateral spondylosis of L5 and grade I spondylolisthesis of L5-S1 with disc spaces and intervertebral foramina preserved.  (Tr. 185).  The ALJ noted that she continued to

10

08-90  Evelyn England

smoke despite medical advice to quit.  (Tr. 17).  Her recommended treatment has been conservative.  (Id.).  Therefore, the medical evidence does not appear sufficient to confirm the severity of the alleged pain and objective medical evidence would not appear to be consistent with the plaintiff's claims of disabling pain.

The undersigned concludes that the administrative decision should be affirmed.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 16th day of January, 2009.

Signed By:

*G. Wix Unthank*

United States Senior Judge